Beatrice **HOLTZCLAW**, Movant,

v.

Virginia Nell **ARNEAU** and Ann Neikirk, **Respondents.**

Supreme Court of Kentucky.

Sept. 21, 1982.

Joseph E. Lambert, Mount Vernon, Burgess L. Doan, Walker, Chatfield & Doan, Cincinnati, Ohio, for movant.

Ray H. Bailiff, Jr., Somerset, for respondents.

CLAYTON, Justice.

On May 8, 1978, the following document was handwritten and signed by Dr. Morris Holtzclaw:

> To whom it may concern:
>
> In case something should happen to me everything I own or have goes to my wife—Bea—without reservation.
>
> While in Florida Bob Arneau told me the deed to the farm had been erased & put in my wife's name—and if I didn't sign this paper giving him 100,000 or 200,-000 thousand dollars I don't know that my wife Bea could be put in the penitentiary—which frightened me—consequently I signed the note. I do not owe him a cent—and want this declared as annuled today—I have called my atty to this effect—
>
> Bob Neikirk has also threatened Bea and me for a reason I do not know.
>
> > Morris Holtzclaw
> > May 8th, 1978

Dr. Holtzclaw died on August 22, 1979, leaving his widow, Beatrice, and two daughters from a previous marriage, Virginia Nell Arneau and Ann Neikirk, as his sole heirs. On October 29, 1979, a different holographic instrument was probated in Pulaski District Court as the last will and testament of Dr. Holtzclaw. The probated will was dated May 5, 1977, and left one-half of Dr. Holtzclaw's property to Beatrice and one-half to his two daughters. Beatrice immediately renounced the will, electing to take her statutory share pursuant to KRS 392.080.

Not until November 1979, was the more recent holographic document discovered by Beatrice. A photocopy was found in a file at her home and the original was in the possession of Dr. Holtzclaw's attorney. Beatrice asked the district court to probate the later instrument as her husband's last will.

After hearing testimony and considering the briefs, the district court denied probate, saying that the writing lacked the necessary testamentary intent to be a valid will. The Pulaski Circuit Court affirmed, as did the Court of Appeals. We granted discretionary review.

Throughout this lawsuit both sides have agreed that the disputed instrument is wholly written and signed in the testator's hand. The only question for this court's consideration is whether the holographic document was written by Dr. Holtzclaw with testamentary intent.

It has been firmly established that before an instrument can amount to a valid will, holographic or formal, it must be written with testamentary intent. *Nelson v. Nelson*, 235 Ky. 189, 30 S.W.2d 893, 895 (1930). The intent to make a testamentary disposition should be deduced from the plain language of the instrument itself unless it is ambiguous, in which case all surrounding circumstances can be considered to discern its purpose. *Boggess v. McGaughey*, 306 Ky. 319, 207 S.W.2d 766, 767 (1948).

The district court apparently found the instrument ambiguous because it based its order denying probate, in part, upon extrinsic evidence such as Dr. Holtzclaw's proven ability to express formally and clearly his testamentary intent in the earlier will. We do not think extrinsic evidence was needed to ascertain Dr. Holtzclaw's intent. The first paragraph of the disputed document simply and plainly expresses the intention that Beatrice inherit all Dr. Holtzclaw's property upon his demise. It is not necessary to use the words normally associated with a will if the meaning is otherwise apparent on its face, and we can-

not see how any other meaning could be sensibly given to the first paragraph. The remaining two paragraphs, while not devising property, do not detract from the testamentary character of the instrument.

We think it is obvious from the four corners of the instrument that Dr. Holtzclaw intended it, and no other document, to take effect as his last will.

Accordingly, the decision of the Court of Appeals and judgment of the Pulaski Circuit Court are reversed. The order of the Pulaski District Court denying probate of the instrument is vacated and the case remanded for proceedings consistent with this opinion.

All concur except AKER, J., who did not sit.